IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT CINCINNATI
CASE NO. 1:05 CV 442

| | | |
|---|---|---|
| DANNY FREEMAN, ET AL., | : | Judge Watson |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CINCINNATI GAS & ELECTRIC COMPANY, | : | |
| | : | |
| Defendant. | : | |

**Electronically Filed**

---

**PLAINTIFF'S RULE 26(f) REPORT**

---

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff is tendering this report:

**1.     The Class Action and Consolidation Context of This Case**

This Report is being submitted by Counsel for the Plaintiff, John C. Greiner, Paul Alley, and, of counsel, Brandon N. Voelker. Counsel for the Plaintiff and counsel for the Defendant met on Monday, August 22, 2005, for the stated purpose of complying with the planning conference requirements of Rule 26(f). Plaintiff was represented at that conference by John C. Greiner and Paul Alley; the Defendant was represented by Amy B. Spiller and Ariane S. Johnson.

      *a.*     *Duration/Timing of Discovery*.  At the conference, Plaintiff's counsel (hereinafter, for ease of reference, "Plaintiff") intended to discuss each of the matters that are to be considered at such a conference pursuant to Rule 26(f). Plaintiff proposed the schedule set out below and Defendant advised it did not want to agree to

any time tables as it intended to file a Motion to Consolidation. Plaintiff stresses that it is pursuing injunctive relief and is concerned that consolidation under the Court's present discovery plan would unnecessarily hinder Freeman's ability to pursue a timely injunction. Therefore, in light of Defendant's position that discovery on all substantive issues should be stayed altogether, little to no progress was made at the conference in establishing a consensus or agreement on any potential discovery timeline.

In light of the Defendant's position on these issues, the parties were not able to agree to a discovery plan with any specific timelines either at the Rule 26(f) conference or since. Therefore, in an effort to comply as much as possible with Rule 26(f) in these unusual circumstances, Plaintiff is independently tendering this report and proposed discovery plan for the Court's consideration.

### 2. Initial Disclosures

Plaintiff is agreeable to initial discovery disclosures pursuant to Rule 26(a)(1). Plaintiff would propose that said disclosures be made by each party by September 16, 2005. Defendant has not agreed to or proposed a date for initial discovery disclosures. Defendant's position is that initial disclosures are "substantive" discovery and not required at this time.

### 3. Additional Parties

Plaintiff is agreeable to a date certain being set for the addition of parties to this case, although the fact that this case includes class action allegations perhaps makes an appropriate cutoff date for doing so less ascertainable.

4.     **Other Amendments of the Pleadings.**

The nature of the circumstances in this case prevents the Plaintiff from knowing all of the facts that may ultimately support his claims. The Zimmer plant emits visible and invisible pollutants that strike the Plaintiff, his residence and his family, but Plaintiff is not allowed inside the plant to see exactly what the Defendant is doing to generate those effects.

Therefore, many additional facts that support the Plaintiff's existing claims, and possibly many new facts supporting other currently unknown related claims, are believed to lie within the exclusive control of the Defendant. These additional facts will probably have to be ferreted out through discovery, and it seems more likely than not that facts learned through discovery will result in the need for amendments to the pleadings to include any such additional facts and/or additional claims.

In addition, the Defendant's conduct is ongoing, and Plaintiff continues to issue Clean Air Act violation notice letters for violations occurring after the date of filing this action. Plaintiff suggests that this phenomenon will need to be taken into account in establishing the appropriate discovery deadlines.

5.     **Partial Discovery Plan As to the Number of
        Interrogatories and Requests for Admissions Needed**

At the Rule 26(f) conference Defendant would not agree to set any minimum number of Interrogatories and Request for Admissions that each side should be allowed to use. However, Plaintiff proposes the following:

Interrogatories -- Not less than 60 for each party

Requests for Admissions – Not less than 40 for each party

6. **Increasing the Number of Permitted Depositions Interrogatories and Requests for Admissions Needed**

An increase in the number of permitted depositions was also discussed, but no agreements were reached. Plaintiff is agreeable to a limit of twenty (20) fact witness depositions per side, in addition to the deposition of each party, without prejudice to the right of other side to seek a further increase. Defendant has not stated a specific number for how many depositions Defendant believes should be permitted.

7. **Entry Upon Land**

Plaintiff will need for Plaintiff and its experts to enter onto the Defendant's premises for inspection and other purposes.

8. **Plaintiff's Proposed Timetable for the Completion of Discovery**

Plaintiff has proposed a two-prong discovery approach, taking into account that there is likely to be extensive discovery in this case both as to the facts and as to the opinions held by the parties' respective experts.

First, there would be a general fact discovery period of six (6) months, ending February 24, 2006.

Immediately thereafter, there would be a forty-five (45) day period (April 10, 2006) for disclosure of expert witnesses, followed by another forty-five (45) days (May 25, 2006) for the disclosure of expert opinion reports, followed by sixty (60) days (July 24, 2006) for the depositions of said experts. Plaintiff has proposed a thirty (30) day period (August 23, 2006) for the disclosure of any rebuttal experts. Thereafter trial would occur as soon as possible.

9. **Mediation/Settlement**

Plaintiff is currently agreeable to attempting a mediation.

10. **Dispositive Motions/Pretrial/Trial**

Plaintiff is unable to provide specific dates pending the establishment of a discovery schedule, but requests trial within a one (1) year period. Plaintiff is agreeable to a Pretrial fifteen (15) days after the expert discovery deadline set forth above. Plaintiff is agreeable to a trial date thirty (30) days after the Pretrial.

11. **Class Action Certification Issues**

Plaintiff is agreeable to filing or declining to file a Motion for Class Certification within sixty (30) days of the status conference scheduled for September 9, 2005, if the Court so instructs. Plaintiff is agreeable to establishing a limited period of time for Defendant to conduct discovery on class certification issues, but requests that discovery be done concurrently with general discovery.

Respectfully submitted,

OF COUNSEL:

Brandon N. Voelker, Esq.
EDMONDSON & ASSOCIATES
28 West Fifth Street
Covington, Kentucky 41011
(859) 491-5551
(859) 491-0187

/s/ John C. Greiner
John C. Greiner (0005551)
Paul Alley (0075770)
Counsel for Plaintiff
GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 621-6464
(513) 651-3836 facsimile

## **CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing on this 8th day of September, 2005, to:

Amy B. Spiller, Esq.
139 East Fourth Street, Room 25
AT II
P.O. Box 960
Cincinnati, Ohio 45202-0960

Ariane S. Johnson, Esq.
CINERGY SERVICES, INC.
1000 East Main Street
Plainfield, IN 46168


Louis F. Gilligan, Esq.
KEATING MUETHING & KLELAMP PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, OH 45202

                  /s/ John C. Greiner
                  John C. Greiner

818093.1